AO 106A  (08/18)  Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br><br>TWO PERSONS UNDER RULE 41 | )<br>)<br>)<br>)<br>)<br>) |

Case No. 24-sw-81

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachments A-1 and A-2, hereby incorporated by reference.

located in the _____ Jurisdiction of the _____ District of _____ Columbia _____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachments B-1 and B-2, hereby incorporated by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

❑ contraband, fruits of crime, or other items illegally possessed;

❑ property designed for use, intended for use, or used in committing a crime;

❑ a person to be arrested or a person who is unlawfully restrained.

The search is related to violations of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g),<br>18 U.S.C. § 924(c),<br>21 U.S.C. § 841,<br>21 U.S.C. § 846 | Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year; Using, Carrying, and Possessing a Machinegun in Furtherance of a Drug Trafficking Offense; Distribution or Possession with Intent to Distribute Fentanyl and PCP; Conspiracy to Distribute or to Possess with Intent to Distribute Fentanyl and PCP |

The application is based on these facts:

See Affidavit in Support of Application for Search Warrant, which is incorporated herein.

❑ Continued on the attached sheet.

❑ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Wade Cress, Special Agent
_____
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by

_____ telephone _____ *(specify reliable electronic means)*.

Date: _____ 03/14/2024 _____

_____
*Judge's signature*

City and state: _____ Washington, D.C. _____

Moxila A. Upadhyaya, United States Magistrate Judge
_____
*Printed name and title*

AO 93C  (08/18)  Warrant by Telephone or Other Reliable Electronic Means                    ☐ Original        ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br><br>TWO PERSONS UNDER RULE 41 | )<br>)<br>)<br>)<br>)<br>)    Case No.  24-sw-81 |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the ____Jurisdiction of the____ District of _____Columbia_____
*(identify the person or describe the property to be searched and give its location)*:

See Attachments A-1 and A-2, hereby incorporated by reference.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachments B-1 and B-2, hereby incorporated by reference.

**YOU ARE COMMANDED** to execute this warrant on or before _____March 28, 2024_____ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.     ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____Moxila A. Upadhyaya_____ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:   ____03/14/2024_____

City and state:      ____Washington, D.C._____       _____
*Judge's signature*

Moxila A. Upadhyaya, United States Magistrate Judge
*Printed name and title*

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br>  24-sw-81 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

| **Certification** |
|---|

       I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____

                _____
                                      *Executing officer's signature*

                _____
                                       *Printed name and title*

**ATTACHMENT A-1**

*Person to be Searched*

The person to be searched is Lamont LANGSTON, DOB: 01/27/1981, who is currently detained at the District of Columbia Central Detention Facility, 1901 D Street, Southeast, Washington D.C., 20003.

**ATTACHMENT A-2**

*Person to be Searched*

The person to be searched is Jamar BENNETT, DOB: 06/05/1979, who is currently detained at the District of Columbia Central Detention Facility, 1901 D Street, Southeast, Washington D.C., 20003.

**ATTACHMENT B-1**

*Property to be seized from the person of Lamont LANGSTON*

The property to be seized is a sample of the deoxyribonucleic acid ("DNA") of the person identified in Attachment A-1 (Lamont LANGSTON) to be collected via at least two (2) buccal or oral swabs in accordance with established procedures, and to be analyzed forensically in accordance with the applicable, valid established procedures.

**ATTACHMENT B-2**

*Property to be seized from the person of Jamar BENNETT*

The property to be seized is a sample of the deoxyribonucleic acid ("DNA") of the person identified in A-2 (Jamar BENNETT) to be collected via at least two (2) buccal or oral swabs in accordance with established procedures, and to be analyzed forensically in accordance with the applicable, valid established procedures.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

IN THE MATTER OF THE SEARCH OF          SW No. 24-sw-81
TWO PERSONS UNDER RULE 41

_____

**AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT**

I, Wade Cress, a Special Agent of the Drug Enforcement Administration (DEA), Washington, D.C. Division Office, (hereinafter, the "Affiant"), being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.      I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the recovery of property—a sample of the deoxyribonucleic acid ("DNA") of the persons identified in Attachment A-1 (Lamont LANGSTON , hereinafter "LANGSTON") and Attachment A-2 (Jamar BENNETT, hereinafter "BENNETT"), to be collected via buccal or oral swab in accordance with established procedures, and to be analyzed forensically in accordance with the applicable, valid established procedures.

2.      I am a Special Agent ("SA") with the Drug Enforcement Administration ("DEA"). I have been in this position since July 2023.  I am presently assigned to the Washington Division Office, High Intensity Drug Trafficking Area (HIDTA) Group 43 of DEA.  Since joining the DEA, I have participated in investigations of individuals and organizations for violations of the federal narcotics laws.  I was formerly employed as a sworn Investigator of the Metropolitan Police Department (MPD) in Washington, D.C.  I joined the MPD in 2016 and separated in March 2023. I have the authority to conduct narcotics trafficking investigations and enforcement activities pursuant to Title 21 of the United States Code.  My work has focused on narcotics and gun related

5

investigations and has involved the execution of numerous search warrants wherein narcotics and weapons have been seized.  As a Special Agent with the DEA, I am responsible for investigations involving unlawful activities that include firearm and drug offenses, and violent crimes.  As a law enforcement officer, I have actively participated in investigations of criminal activity, including, but not limited to, investigations involving the unlawful possession of firearms and drug trafficking.  I have conducted numerous interviews or debriefs with individuals associated with the unlawful possession of firearms and narcotics, and I am familiar with different methods of firearms and drug trafficking.  During these investigations, I have participated in the execution of arrest and search warrants and the seizure of evidence indicative of the unlawful possession and/or trafficking of firearms and narcotics.  As a law enforcement officer, I have testified under oath as part of those criminal investigations.  I have also personally conducted and participated in investigations that have resulted in the arrests and convictions of individuals unlawfully possessing and/or trafficking firearms, narcotics and committing violent crimes.  As a law enforcement agent, I have been involved in the use of the following investigative techniques: interviewing informants and cooperating witnesses; conducting physical surveillance; executing search warrants and arrest warrants which resulted in seizures of illegal narcotics, firearms, and other contraband; consensual monitoring and recording of both telephonic and non-telephonic communications; and analyzing telephone pen register and caller identification systems data.  As such, I am an "investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Section 2516 of Title 18, United States Code.

   3.  The facts in this affidavit come from my personal observations, my training and

experience, and information obtained from other agents, witnesses, and agencies. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant. It does not set forth all of my knowledge, or the knowledge of others, about this matter.

4.      Based on my training and experience and the facts set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. §§ 922(g) (Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year), 924(c) (Using, Carrying, and Possessing a Machinegun in Furtherance of a Drug Trafficking Offense); 21 U.S.C. §§ 841 (Distribution or Possession with Intent to Distribute Fentanyl and PCP), 846 (Conspiracy to Distribute or to Possess with Intent to Distribute Fentanyl and PCP) (the "Target Offenses") have been committed by Jamar Leon BENNETT and Lamont LANGSTON ("the Subjects"), and other identified and unidentified persons, including others who may have been aided and abetted by, or conspiring with, the Subjects. There is also probable cause to seize DNA from LANGSTON and BENNETT, further described in Attachments A-1 and A-2, for the things described in Attachment B-1 and B-2.

5.      I am also familiar with the fact that each person has a unique DNA composition. DNA isolated from blood, hair, skin cells, or other genetic evidence left at the scene of a crime or left on evidence of a crime can be compared with the DNA of an individual to identify an individual as a potential suspect, or exclude an individual as a potential suspect.

6.      Since this affidavit is being submitted for the limited purpose of obtaining a search warrant for a buccal swabs of LANGSTON and BENNETT, I have not set forth every fact learned during this investigation. I make this affidavit based, in part, on my personal knowledge and observations derived from my participation in this investigation, information provided by other law enforcement officers, reports and data provided by other officers, which I have read and

reviewed, and, in part, upon information and belief.

## PROBABLE CAUSE

7.       The Drug Enforcement Administration (DEA) and the Federal Bureau of Investigation (FBI) are conducting a criminal investigation of a local PCP and Fentanyl distribution conspiracy including Jamar Leon BENNETT, Lamont LANGSTON, and their associates.  Based on information from a prior investigation and this ongoing investigation, your Affiant knows that LANGSTON and BENNETT are distributing narcotics throughout the District of Columbia, Maryland, and Virginia.  Your Affiant believes that LANGSTON is BENNETT's source of supply for PCP and fentanyl.

8.       On February 25, 2024, LANGSTON was unexpectedly arrested in the District of Columbia and found to be in possession of two firearms—one of which featured a switch transforming it into a machinegun—as well as PCP and nearly $10,000 in cash.  On February 29, 2024, a federal grand jury in the District of Columbia handed up an eighteen-count indictment against LANGSTON and BENNETT, charging both with violations of 21 U.S.C. §§ 846 and 841(a)(1), and charging LANGSTON with violations of 18 U.S.C. §§ 924(c)(1)(B)(ii) and 922(g)(1).

9.       Following this indictment, law enforcement obtained court-ordered search warrants to search several residences associated with BENNETT and LANGSTON.  *See* Case No. 8:24-mj-00354-GLS (D. Md.) and Case No. 24-sw-64 (D.D.C.).  On March 6, 2024, the search warrants were executed at, among other locations, 4321 Regalwood Terrace, Burtonsville, Maryland 20866 ("Regalwood Terrace"), and 169 Forrester Street Southwest, Washington, D.C. 20032 ("Forrester Street").

10.      From the Regalwood Terrace and Forrester Street residences, law enforcement

seized contraband, and in particular firearms and firearm-related materials, that are suspected to be associated with LANGSTON and BENNETT. These items of evidence have been swabbed for DNA. Your Affiant seeks this warrant to obtain buccal swabs for LANGSTON and BENNETT's DNA for the purpose of determining whether BENNETT and LANGSTON's DNA is present on the items of evidence.

### 4321 Regalwood Terrace, Burtonsville Maryland, 20866

11.     On March 6, 2024, at approximately 6:03 a.m., law enforcement entered the Regalwood Terrace residence, a townhouse in Burtonsville, Maryland, associated with LANGSTON. Once inside the location, law enforcement located Ellen "Eleni" Balatsos, date of birth ("DOB") 5/27/1984; Anastasia Johnson, DOB 5/20/2005; and one minor child.

12.     Prior to the search beginning, law enforcement, conducted a walk-through of the residence. An officer completed a K9 sweep of the townhouse. The K9 alerted near the bed in the master bedroom, and at a closet in the basement. During the initial stages of the search, Balatsos notified law enforcement that a rifle would be found in her bedroom underneath the bed. Balatsos claimed she purchased the rifle approximately four years ago from a gun shop in Anne Arundel County, Maryland, and that the rifle has never been fired; however, Balatsos was unable to provide any documentation showing she was the owner of purchased the rifle. Your Affiant knows LANGSTON had been sleeping at this residence as recently as February 23, 2024—two days before he was arrested—and would likely have had the ability to constructively possess the rifle.

13.     The following items were recovered as evidence:

**Master Bedroom**

- (1) One black and blue AR-15-style rifle, model HA-15; Serial # 200044, with magazine

and ammunition located in room.[1]
- (2) Two Rifle Magazines loaded with rifle ammunition and (1) .223 round of ammunition.
- U.S. Currency totaling $5,560.00.
- (2) Two Apple iPhone 14's.

**Utility Closet**

- (10) Ten .223 rounds of ammunition.

**Closet under stairs**

- (3) Three Cellular phones.

14.     Your Affiant also knows that LANGSTON has previously been convicted of a felony and is therefore prohibited from possessing any firearms.  Furthermore, your Affiant is aware that LANGSTON was arrested on February 25, 2024 and federally indicted on those charges, which included firearm-related charges. Your Affiant also knows that individuals with no criminal history are ideal candidates for straw purchases.

15.     Based on GPS data obtained from LANGSTON's phones, physical surveillance, and tracking devices places on LANGSTON's vehicles, your Affiant knows that LANGSTON frequently stayed at Regalwood Terrace.  The Regalwood Terrace residence is owned and registered to Ellen Balatsos, also known as Eleni Balatsos, who is believed to be LANGSTON's girlfriend.  From my training and experience, I know that experienced drug traffickers often do not put their own names on leases and other paperwork that may show where they live.  Your Affiant knows experienced drug traffickers often store or hide illegal contraband in residences where law enforcement is less likely to suspect a drug trafficking operation.

---

[1] The rifle did not have a round in the chamber and no magazine loaded into the firearm. The magazine next to the firearm was located with ammunition inside the magazine. Due to proximity, these items were packaged together.

**<u>169 Forrester Street Southwest, Washington, D.C., 20032</u>**

16.     On March 6, 2024, at approximately 6:03 a.m., law enforcement executed a residential search warrant at 169 Forrester Street Southwest, Washington D.C., 20032, authorized by the United States District Court for the District of Columbia (24-sw-64), signed by United States Magistrate Judge Robin M. Meriweather.  FBI Virginia Safe Streets Task force conducted a knock and announce and, after a reasonable amount of time, the door was breached and law enforcement began to call the occupants to the front door the residence.  Shortly thereafter, an individual identified as Jonte Antwonie HIZELL was observed walking down the stairs from the second floor of the residence.  HIZELL walked to law enforcement personnel and was detained and removed from the residence.  Law enforcement continued to call all remaining occupants at the Forrester Street residence to make their presence known.  Moments later, BENNETT walked down the stairs from the second floor and was placed under arrest and escorted outside, then transported to the Washington Field Office.  HIZELL gave consent to search a white Ford Explorer bearing District of Columbia registration GS9860, registered to Jonte Antwoinne HIZELL, with the Forrester Street residence as the listed address.

17.     The following items were seized:

**<u>BENNETT's Bedroom</u>**
- Ruger 9mm pistol with one magazine.
- (7) Seven 9mm rounds of ammunition.
- (3) Cellular phones.
- Bag containing cutting agents and mixing paraphernalia with residue.

**<u>HIZELL's Bedroom</u>**

- (17) Seventeen vials with amber colored liquid (suspected PCP).
- Mirror, razor, blade, with white powdery substance.
- Samsung cellphone.
- Black iPhone.
- Black iPhone bearing screen name "The Polo Don".

11

- Digital scale with residue.
- Quantity of white powdery substance.
- U.S. Currency $1,768.00.

**HIZELL's White Ford Explorer**

- (3) Three dippers and vials suspected PCP and (4) four small baggies containing suspected cocaine.
- Clear plastic bag containing clear plastic zips with off white rock substance.

18.    Your Affiant knows that BENNETT and HIZELL have previously been convicted of a felony and are therefore prohibited from possessing any firearms.

19.    Based on the foregoing facts, your Affiant believes there is probable cause to believe that the firearms, among other contraband, recovered on March 6, 2024, were possessed by LANGSTON and BENNETT.  Your Affiant therefore believes there is probable cause to obtain a buccal swab from LANGSTON and BENNETT, to compare the DNA collected from the firearms recovered on March 6, 2024, and any additional evidence recovered from the Regalwood Terrace residence and the Forrester Street residence.

**<u>CONCLUSION</u>**

20.     Based upon the above facts, your Affiant submits that there is probable cause to believe that there is evidence of violations of 18 U.S.C. § 922(g)(1) will be found located in the cheek/saliva (buccal swab) of LANGSTON and BENNETT.


Respectfully submitted,

_____
Wade Cress
Special Agent
Drug Enforcement Administration

Subscribed and sworn pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on March 14, 2024.


_____
HONORABLE MOXILA A. UPADHYAYA
UNITED STATES MAGISTRATE JUDGE

13